# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.

EDGAR CRUZ,

                Defendant.

1:11-cr-0377-WSD-CCH

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge C. Christopher Hagy's Report and Recommendation ("R&R") [29] regarding Defendant Edgar Cruz's Motion to Suppress Evidence [15] and Supplemental Motion to Suppress Evidence [23].

## I. BACKGROUND[1]

On June 15, 2011, Cobb County police officers responded to a call by Defendant's neighbor regarding a shooting victim at 4103 Allegiance Avenue, Austell, Georgia. (R&R at 3-5). Upon arrival at the neighbor's residence, Officer Paul Kristjanson encountered Defendant suffering an apparent gunshot wound to

---

[1] The parties have not objected to the facts set out in the R&R, and finding no plain error, the Court adopts the facts in the R&R.

his shoulder and a bruise on the back of his head. (Id. at 3). Defendant's neighbor reported that the shooting had occurred at Defendant's residence, which was the house adjacent to the neighbor's home. (Id. at 4).

Defendant told Officer Kristjanson that two men had entered his home, put him on the floor, and pistol whipped him. (Id.). One of the assailants had searched Defendant's home and, after the search, shot Defendant. (Id.). Defendant believed that the assailants had run out the back door of the house. (Id.). The officers concluded that they needed to clear the house to ensure that no perpetrators or victims remained inside. (Id. at 4-5). The police cleared the house in a few minutes and exited out the back door. (Id. at 6). Seconds after exiting the house, Officer William Nerio heard a "thump" coming from the direction of the house. (Id.). Officer Nerio alerted the other officers of the noise he had heard. (Id.). Believing they may have missed something during the initial sweep, the officers did a second protective sweep of areas where a person could be hiding, such as under beds and in closets. (Id. at 7).

This sweep revealed a hole in the ceiling of a bedroom closet, large enough to fit an adult person. (Id.). Officer Amias Gosset observed scuff marks on the closet wall below the hole in the ceiling, which looked like they could have been made recently by the shoes of someone climbing through the hole. (Id.). Officer

Gosset, wearing a Kevlar helmet for safety, climbed into the opening in the ceiling for inspection. (Id. at 8). Once inside, the officer saw, in plain view, several cellophane wrapped packages that he believed contained illegal drugs. (Id.). As he was lowering himself from the attic, the officer's hand rested on what felt like the butt of a weapon. (Id. at 9).

Based on the officer's observations, on July 15, 2011, a search warrant was obtained and executed at Defendant's home. On August 2, 2011, Defendant was indicted [1] on one count of possession with intent to distribute cocaine in violation 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii), one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and one count of being an alien found within the United States after having previously been deported and removed from the United States without having obtained express consent to re-apply for admission in violation of 8 U.S.C. § 1326(a), (b)(2).

On September 12, 2011, Defendant filed his Motion to Suppress Evidence (the "Motion") [15] on the grounds that there was no evidence of exigent circumstances. On October 28, 2011, the Magistrate Judge conducted an

evidentiary hearing [17] and the parties filed briefs on the legality of the search. On April 12, 2012, after reviewing the evidence and transcript of the evidentiary hearing and the briefs of the parties, the Magistrate Judge issued his R&R [29]. The Magistrate Judge recommended that Defendant's Motion to Suppress Evidence [15, 23] be denied. (R&R at 24). Defendant has not filed objections to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). Because Defendant did not object to the R&R, the Court reviews it for plain error.

B.     Analysis

After careful review, the Court finds no plain error in the Magistrate Judge's factual or legal conclusions. The exigent circumstance exception to the warrant requirement for a search applies when the police reasonably believe that an emergency situation justifies warrantless action. United States v. $291,828.00 In United States Currency, 536 F.3d 1234, 1237 (11th Cir. 2008). The concrete factual context of the individual case is used to determine whether or not exigent circumstances exist. Id. at 1238.

Here, the Court agrees with the Magistrate Judge that the officers needed to confirm that the perpetrators were no longer in the home to ensure the safety of the public and officers.  (See R&R at 14 (citing United States v. Holloway, 290 F.3d 1331, 1334 (11th Cir. 2002)). Defendant was shot in the shoulder and had experienced an injury to the head at the time he reported to the police that he thought the assailants left the house. (Id. at 4). Further, the whereabouts of the assailants were unknown. (Id.) Exigent circumstances mandated that the police immediately search Defendant's house.

The inspection of the attic inside the house by law enforcement was a justifiable protective sweep because the area swept was an area that had not been previously cleared by the officers and was large enough to hide perpetrators.

(R&R at 19). The scuff marks on the interior wall gave the police sufficient reason to suspect that one or more assailants may have climbed into the attic. (Id. at 7). Finally, the police's prior search of Defendant's house did not preclude exigent circumstances in the second sweep because the Court does not draw such a bright line for when exigent circumstances cease to exist given the police's need to ensure safety. See $291,828.00 In United States Currency, 536 F.3d at 1238 (holding that a prior search does not automatically preclude a second sweep of a house because the court cannot draw such a bright line for when exigent circumstances cease to exist). The evidence supports the Magistrate Judge's findings that the police were justified in searching Defendant's attic.

Accordingly, the Court finds no plain error in the R&R findings of fact and conclusions of law and therefore adopts the recommendation to deny Defendant's Motion to Suppress [15, 23].

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** Magistrate Judge C. Christopher Hagy's Report and Recommendation [29]. Defendant's Motion to Suppress [15, 23] is **DENIED**.

**SO ORDERED** this 30th day of April, 2012.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE