# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| EDGAR CRUZ, | : | CIVIL ACTION NO. |
| BOP Reg # 63046-019, | : | 1:14-CV-2711-WSD-JSA |
| Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:11-CR-377-WSD-JSA-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | MOTION TO VACATE |
| Respondent. | : | 28 U.S.C. § 2255 |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Movant has filed a 28 U.S.C. § 2255 motion to vacate his federal convictions and 268-month term of imprisonment upon the entry of his guilty plea. (Doc. 101; *see* Doc. 75). Because Movant entered into a valid and enforceable plea agreement and appeal waiver and he has not demonstrated that his counsel's assistance was ineffective, **IT IS RECOMMENDED** that his § 2255 motion be **DENIED**.

## I. Procedural History

On August 2, 2011, a grand jury sitting in the Northern District of Georgia returned the following counts against Movant: (1) possession with intent to distribute at least 5 kilograms of cocaine; (2) possession with intent to distribute at least 500 milligrams of methamphetamine; (3) possession of a firearm in furtherance of the drug trafficking crimes charged in counts one and two; (4) possession of a firearm by a

convicted felon; and (5) illegal re-entry into the United States.  (Doc. 1).

On February 12, 2013, Movant entered into a written plea agreement.  (Doc. 68-1).  He pled guilty to counts two and three of the indictment.  (Docs. 68, 96).  Included in his Guilty Plea and Plea Agreement is a Limited Waiver of Appeal:

> To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and *the right to collaterally attack his conviction and sentence in any postconviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255)* on any ground, except that the Defendant may file a direct appeal of an upward departure or a variance from the sentencing guideline range as calculated by the district court.  The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

(Doc. 68-1 at 10-11 (emphasis added)).  Movant signed the Guilty Plea and Plea Agreement (*id.* at 12), and he then separately signed the following addendum:

> I have read the Indictment against me and have discussed it with my attorney.  I understand the charges and the elements of each charge that the Government would have to prove to convict me at a trial.  I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney.  I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them.  *I also have discussed with my attorney the rights I may have to appeal or challenge my conviction and sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction*

2

> *proceeding.* No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement. The discussions between my attorney and the Government toward reaching a negotiated plea in this case took place with my permission. *I am fully satisfied with the representation provided to me by my attorney in this case.*

(*Id.* at 13 (emphasis added)).

At his plea hearing, Movant acknowledged the following:

1. he understood the trial rights he was willingly forfeiting by pleading guilty (Doc. 96 at 5-12);

2. he understood his plea agreement; he had received no threats or promises inducing him to plead guilty other than those outlined in the agreement; and he had received no instruction or even suggestion that he tell the Court anything other than the complete truth at the plea hearing (*id.* at 12-18);

3. he understood the elements of the crimes to which he was pleading guilty and what the government would have to prove to convict him (*id.* at 21-23);

4. he had committed the crimes to which he was pleading guilty because he was in fact guilty (*id.* at 37-41);

5. he understood that the penalty range for his drug trafficking conviction was a mandatory minimum 10-year sentence and a maximum sentence of life imprisonment, and for his firearm conviction a mandatory minimum 5-year sentence and a maximum sentence of life imprisonment (*id.* at 23-24);

6. he understood that this Court would not be bound by the sentence recommended by the sentencing guidelines or by the government (*id.* at 25-29, 33-35);

7. he understood the effect of his appeal waiver and the appeal rights he was relinquishing (*id.* at 29-31); and

3

8.    he was satisfied with his counsel's representation (*id.* at 20-21).

The Court accepted Movant's guilty plea as knowing and voluntary. (*Id.* at 43-44). The Court later sentenced Movant on count two to a 208-month term of imprisonment, at the low end of the sentencing guideline range of 210 to 262 months, after crediting Movant with 2 months served in state prison, and on count three to a mandatory consecutive 60-month term of imprisonment. (Doc. 75 at 2; *see* Doc. 97 at 37, 49, 53-55).

Counsel for Movant filed a notice of appeal. (Doc. 79). The Eleventh Circuit dismissed the appeal, upon the government's motion, "pursuant to the appeal waiver in [Movant's] plea agreement." (Doc. 100 at 2 (noting Eleventh Circuit precedent that a "sentence appeal waiver will be enforced if it was made knowingly and voluntarily")).

In his § 2255 motion, Movant presents the following two claims:

1. Counsel was ineffective at sentencing for failing to investigate [the] status of the reprieve with the State of Georgia regarding the state charge which was used for sentencing purposes.

2. Counsel was ineffective for failing to investigate [the] fingerprint evidence prior to advising [Movant] to accept [the] plea deal.

(Doc. 101 at 13-14). Movant asks to be resentenced "as a Category I offender" and for

4

his sentence to be corrected to reflect the effect of Amendment 782 to the sentencing guidelines. (*Id.* at 15).

## II. Discussion

### A. The Ineffective-Assistance Standard in the Guilty Plea Context

To prevail on a claim of ineffective assistance, a defendant must establish two things: (1) "counsel's performance was deficient," meaning it "fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). To satisfy the deficient-performance prong, the defendant must show that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687. The defendant must rebut the strong presumption that his counsel's conduct fell within the range of reasonable professional assistance. *Id.* at 689. A defendant may satisfy the prejudice prong by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

*Connolly v. United States*, 568 Fed. Appx. 770, 770-71 (11th Cir. 2014) (noting that "'[w]hen a defendant pleads guilty relying upon his counsel's best professional judgment, he cannot later argue that his plea was due to coercion by counsel'" (quoting *United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984)), and affirming summary dismissal of § 2255 motion because appellant's "conclusory allegations of coercion by his attorney . . . failed to rebut the strong presumptions that [(1)] his attorney's advice fell within the range of reasonable professional conduct and

5

[(2) his] sworn statements in his plea agreement and at his change-of-plea hearing were true").

The Court considers Movant's two grounds for relief in reverse order, as dictated by the logic of the analysis.

### B.  Ground Two: Counsel Failed to Investigate the Fingerprint Evidence, Improperly Influencing Movant to Plead Guilty

In ground two, Movant claims that his counsel provided ineffective assistance regarding allegedly incriminating fingerprint evidence. (Doc. 101 at 14). At Movant's plea hearing, during the review of the evidence establishing Movant's guilt, the prosecutor noted the following:

> Officers discovered [in the home that Movant was renting] a latent fingerprint on the XBox 360 container that held nine kilogram-sized bricks of cocaine, and found another latent fingerprint on one of the Tupperware-type containers containing methamphetamine. [Both] latent fingerprint[s] . . . [were] later determined to be identical to a known fingerprint taken from [Movant] . . . .

(Doc. 96 at 39-40 (formatting altered)).

Movant claims that counsel first told him that his fingerprints were not on the evidence collected from his home, but later "re-appeared and stated that [his] fingerprints were on the evidence. Counsel then advised [him] to accept the plea from the government. When [he] asked counsel how the fingerprints suddenly [were] found

6

on the evidence, counsel could offer no explanation as counsel had failed to investigate prior to advising [him] to accept [the] plea deal." (Doc. 101 at 14). Movant alleges that he told counsel "he still wanted to go to trial," but counsel influenced him to plead guilty instead by telling him that "the government always wins" in his type of case. (*Id.*).

"A guilty plea is knowing and voluntary if the defendant entered the plea without coercion and with the understanding of the nature of the charges and the consequences of the plea." *United States v. Speight*, 454 Fed. Appx. 785, 787 (11th Cir. 2011). "It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily." *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005). "[F]or a sentence-appeal waiver to be enforceable, the government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [plea] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Id.* (internal quotations omitted); *see Medina v. United States*, No. 13-11387, 2015 U.S. App. LEXIS 529, at *5 (11th Cir. Jan. 14, 2015) (same (citing *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008))).

Evidence that an accused entered his guilty plea knowingly and voluntarily

7

includes "[s]olemn declarations in open court," which "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-75 (1977) (noting that "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings"); *see Connolly*, 568 Fed. Appx. at 771 ("'The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.'" (quoting *Blackledge*, 431 U.S. at 74)).

It is apparent from Movant's guilty plea proceedings that his plea was knowing and voluntary, that it was not coerced, that Movant was satisfied with his counsel's performance, and that his appeal waiver is therefore valid and enforceable. (*See generally* Docs. 68-1, 96; *see also* Doc. 68-1 at 13; Doc. 96 at 12-24, 29-31, 37-41); *Williams*, 396 F.3d at 1341; *Speight*, 454 Fed. Appx. at 787. Movant cannot overcome the strong presumption of veracity inherent in his solemn declarations before this Court, *see Blackledge*, 431 U.S. at 74, by presenting, as he has done, nothing more than an unsupported assertion that counsel's failure to adequately investigate the fingerprint evidence prejudiced Movant's decision whether or not to proceed to trial.

Movant acknowledged at his plea hearing that he had knowingly possessed

8

methamphetamine, which he knew to be a crime, and that he was guilty of count two of the indictment, charging him with possession with intent to distribute methamphetamine. (Doc. 96 at 40-41). Counsel's alleged failure to investigate the fingerprint evidence did not force Movant to make this admission. Moreover, Movant does not suggest what counsel might have done differently regarding the fingerprint evidence. Movant therefore not only has failed to show that counsel performed deficiently with respect to the fingerprint evidence linking Movant to the methamphetamine, he also has failed to show prejudice arising from counsel's performance because he admitted in open court that he in fact had possessed the methamphetamine. (*See* Doc. 106 (Gov't Resp.) at 18-20). Given the severity of the charges that Movant faced, it seems unlikely that but for counsel's alleged deficiencies he would have proceeded to trial and risked a much harsher sentence if he were convicted on all five counts against him. Movant's second claim for relief fails.

### C. Ground One: Counsel Failed to Investigate the Status of Movant's Reprieve in State Court and Its Potential Effect on His Guideline Sentencing Range

In ground one, Movant claims that "[c]ounsel did not investigate the state charge prior to sentencing to determine if [he] was still responsible to the state given [he] was given a reprieve by the State of Georgia regarding his state charges. Counsel admitted

9

that he failed to research available caselaw that define what a reprieve is, and thus offered nothing to mitigate [Movant's] sentence." (Doc. 101 at 13). But counsel did raise the issue at sentencing (Doc. 97 at 28-33), although the Court rejected his argument because the reprieve was a conditional one, solely for the purpose of allowing Movant's immediate removal from the United States, and it also was subject to rescission if Movant returned illegally to the United States, "[w]hich is what happened" (*id.* at 33). In denying counsel's request for an adjustment to Movant's criminal history category, the Court accepted the government's argument that "because [Movant] came back into the United States in violation of the order, . . . there was no commutation or pardon or reprieve from his previous Hall County conviction and period of confinement." (*Id.* at 34; *see id.* at 35-36).

"[A] valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." *Williams*, 396 F.3d at 1342 & n.2 (quoting *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002) ("An ineffective assistance of counsel argument survives a waiver of appeal *only when the claimed assistance directly affected the validity of that waiver or the plea itself*.") (emphasis added)).

10

Thus, Movant's remaining ground for relief fails for two reasons: (1) his counsel did in fact investigate and raise the issue of the reprieve at his sentencing hearing, but the Court rejected counsel's argument, and Movant has failed to demonstrate that a winning argument exists; and (2) by entering into a valid and enforceable sentence-appeal waiver, Movant knowingly and voluntarily waived his right to raise a sentencing claim in a § 2255 motion, *see White*, 307 F.3d at 343.

### D. Movant's Request for the Retroactive Application of Sentencing Guidelines Amendment 782

Movant asks the Court to "[c]orrect Sentencing to reflect new sentencing guidelines pursuant to Amendment 782, 2 level reduction, recently passed by the Sentencing Commission." (Doc. 101 at 15). The government responds that a § 2255 motion is not the proper vehicle for seeking retroactive application of Amendment 782. (*See* Doc. 106 at 23-24). The applicable guideline and statutory sections, as set forth below, suggest that the government's argument is well-taken.

Prisoners who wish to be considered for a sentence reduction based on a recent amendment to the sentencing guidelines may file a motion in their criminal case requesting such relief:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been

11

> lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also* U.S.S.G. § 1B1.10(a)(1) ("In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below [listing *inter alia* Amendment 782], the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)."); U.S.S.G. § 1B1.10(a)(1) ("The court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later.").

By contrast, a motion under § 2255 is reserved for those cases where a federal prisoner claims that he or she must be released:

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

12

Plaintiff's argument that his sentence should be reduced pursuant to Amendment 782 does not allege a constitutional violation, or lack of jurisdiction, or that his sentence exceeds a statutory maximum, or any other circumstance entitling him to relief under § 2255. Rather, the proper vehicle for Movant to seek relief under Amendment 782 is a motion filed under 18 U.S.C. § 3582(c)(2). *See, e.g., United States v. Graham*, No. 14-10222, 2014 U.S. App. LEXIS 23378, at *1-2 (11th Cir. Dec. 12, 2014) ("Pursuant to § 3582, a district court may modify a term of imprisonment that was based on a Guidelines sentence range that has subsequently been lowered by the United States Sentencing Commission."). Movant's § 2255 motion is therefore due to be dismissed in its entirety.

### III. Certificate of Appealability

A § 2255 movant must obtain a certificate of appealability (COA) before appealing the denial of a motion to vacate. 28 U.S.C. § 2255(d); 28 U.S.C. § 2253(c)(1)(B). A COA may issue only when the movant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*

13

*v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted). A movant need not "show he will ultimately succeed on appeal" because "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir.) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 337, 342 (2003)). Although *Slack* involved an appeal from the denial of a 28 U.S.C. § 2254 petition, the same standard applies here. *See Jones v. United States*, 224 F.3d 1251, 1254 (11th Cir. 2000) (applying *Slack* standard in § 2255 case). Because there is no reasonable argument that Movant has set forth a meritorious claim in his § 2255 motion, a COA should not issue in this matter.

## IV.   Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that the Court **DENY** Movant's 28 U.S.C. § 2255 motion (Doc. 101) and **DENY** Movant a certificate of appealability.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**SO RECOMMENDED** this 27th day of January, 2015.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE