# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

EDGAR CRUZ,

        Movant,

v.

UNITED STATES OF AMERICA,

        Respondent.

1:11-cr-377-WSD-JSA-1

1:14-cv-2711-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Justin S. Anand's Final Report and Recommendation [107] ("R&R"), recommending that Movant Edgar Cruz's ("Cruz") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [101] ("§ 2255 Motion") be denied and that a certificate of appealability be denied. Also before the Court are Cruz's Objections to Magistrate Judge's Report and Recommendation [116] ("Objections").[1]

---

[1] Citations to the record, in this Order, refer to criminal action number 1:11-cr-377-WSD-JSA-1.

## I. BACKGROUND[2]

On August 2, 2011, a grand jury, in the Northern District of Georgia, returned an Indictment [1] charging Cruz with one count of possession with intent to distribute at least 5 kilograms of cocaine (Count 1), one count of possession with intent to distribute at least 500 milligrams of methamphetamine (Count 2), one count of possession of a firearm in furtherance of the offenses charged in Counts 1 and 2 (Count 3), one count of possession of a firearm by a convicted felon (Count 4), and one count of illegal re-entry into the United States (Count 5). ([1]).

On February 12, 2013, Cruz entered into a written plea agreement and pled guilty to Counts 2 and 3 of the Indictment. ([68]; [68.1]; [96]). His Guilty Plea and Plea Agreement [68.1] included the following "Limited Waiver of Appeal" provision:

> LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or a variance from the sentencing guideline range as calculated by the district court. The

---

[2] The facts are taken from the R&R and the record. The parties have not objected to any specific facts in the R&R, and the Court finds no plain error in them. The Court thus adopts the facts set out in the R&R. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

> Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

([68.1] at 10-11). Cruz signed the plea agreement, ([68.1] at 12), and separately signed the following addendum:

> I have read the Indictment against me and have discussed it with my attorney. I understand the charges and the elements of each charge that the Government would have to prove to convict me at a trial. I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them. I also have discussed with my attorney the rights I may have to appeal or challenge my conviction and sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement. The discussions between my attorney and the Government toward reaching a negotiated plea in this case took place with my permission. I am fully satisfied with the representation provided to me by my attorney in this case.

([68.1] at 13).

At his February 12, 2013, plea hearing, Cruz made the following representations to the court:

(1) He understood the trial rights he was forfeiting by pleading guilty. ([96] at 5-12).

(2) He understood his plea agreement, he had not received any threats or promises—other than those in the plea agreement—inducing him to plead guilty, and he had not received any instruction or suggestion that he should tell the court, at the plea hearing, anything other than the truth. ([96] at 12-18).

(3) He understood the elements of the offenses to which he was pleading guilty, and he understood what the government was required to prove to convict him. ([96] at 21-23).

(4) He was factually guilty of the offenses to which he was pleading guilty. ([96] at 37-41).

(5) He understood that the sentencing range for his drug trafficking conviction was from 10 years to life in prison, and that the sentencing range for his firearm conviction was from 5 years to life in prison. ([96] at 23-24).

(6) He understood that the court was not bound by the sentence recommended by the government or the sentencing guidelines. ([96] at 25-29, 33-35).

(7) He understood that, under the appeal waiver in his plea agreement, he was, subject to limited exceptions, waiving his right to challenge his conviction or sentence on direct appeal or in collateral proceedings. ([96] at 29-31).

(8) He was satisfied with his counsel's representation. ([96] at 20-21).

The court accepted Cruz's guilty plea as knowing and voluntary, and sentenced him to 208 months in prison . ([96] at 43-44; [75] at 2; see [97] at 37, 49, 53-55).[3]

On May 1, 2013, Cruz filed his Notice of Appeal [79], challenging his sentence. On September 19, 2013, the Court of Appeals for the Eleventh Circuit summarily dismissed Cruz's appeal, finding it was barred by "the appeal waiver in [Cruz's] plea agreement" and noting that a "sentence appeal waiver will be enforced if it was made knowingly and voluntarily." ([100] at 2).

On July 31, 2014, Cruz, proceeding *pro se*, filed his § 2255 Motion, challenging his sentence on the following grounds:

(1) "Counsel was ineffective at sentencing for failing to investigate [the] status of the reprieve with the State of Georgia regarding the state charge which was used for sentencing purposes." ([101] at 13).

(2) "Counsel was ineffective for failing to investigate fingerprint evidence prior to advising [Cruz] to accept [the] plea agreement." ([101] at 14).

On January 27, 2015, the Magistrate Judge issued his R&R, recommending that Cruz's § 2255 Motion be denied and that a certificate of appealability be denied. On June 27, 2016, Cruz filed his Objections to the R&R.

---

[3] Although the sentencing guideline range for Count 2 was 210 to 262 months, the court sentenced Cruz to 208 months after crediting him with 2 months served in state prison. The court sentenced Cruz, on Count 3, to a mandatory consecutive term of 60 months in prison. ([75] at 2; see [97] at 37, 49, 53-55).

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). The Court conducts a *de novo* review of the specific portions of the R&R to which Cruz objects. The Court reviews the remainder of the R&R for plain error.

### B. The Strickland Standard in the Context of a Guilty Plea

> To prevail on a claim of ineffective assistance, a defendant must establish two things: (1) "counsel's performance was deficient," meaning it "fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). To satisfy the deficient-performance prong, the defendant must show that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment. Id. at 687. The

> defendant must rebut the strong presumption that his counsel's
> conduct fell within the range of reasonable professional assistance.
> Id. at 689. A defendant may satisfy the prejudice prong by showing
> "a reasonable probability that, but for counsel's errors, he would not
> have pleaded guilty and would have insisted on going to trial."
> Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Connolly v. United States, 568 Fed. App'x. 770, 770-71 (11th Cir. 2014) (noting that "[w]hen a defendant pleads guilty relying upon his counsel's best professional judgment, he cannot later argue that his plea was due to coercion by counsel," and affirming summary dismissal of a § 2255 motion because appellant's "conclusory allegations of coercion by his attorney . . . failed to rebut the strong presumptions that [(1)] his attorney's advice fell within the range of reasonable professional conduct and [(2) his] sworn statements in his plea agreement and at his change-of-plea hearing were true").

    C.    Analysis

        1.    Cruz's First Ground for Relief: Counsel's Alleged Ineffectiveness at Sentencing

The district court, in calculating Cruz's sentence, considered his prior state court conviction for which he had received a conditional reprieve from the S tate of Georgia. ([97] at 27-36). Cruz claims his counsel was constitutionally ineffective because he "did not investigate the state charge prior to sentencing to determine if [Cruz] was still responsible to the state given [Cruz] was given a reprieve by the

State of Georgia regarding his state charges. Counsel admitted that he failed to research available caselaw that define what a reprieve is, and thus offered nothing to mitigate [Cruz's] sentence." ([101] at 13).

The Magistrate Judge denied this ground for relief because Cruz's "counsel did in fact investigate and raise the issue of the reprieve at his sentencing hearing, but the Court rejected counsel's argument, and [Cruz] has failed to demonstrate that a winning argument exists." (R&R at 11). Cruz does not object to this finding, and the Court finds no plain error in it. (See [97] at 28-36 (the sentencing court rejected Cruz's counsel's argument, based on Cruz's reprieve, for an adjustment to Cruz's criminal history category).

The Magistrate Judge also denied Cruz's claim because "by entering a valid and enforceable sentence-appeal waiver, [Cruz] knowingly and voluntarily waived his right to raise a sentencing claim in a § 2255 motion." (R&R at 11). In view of Cruz's objection to this finding, the Court reviews it *de novo*.

"It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily." Williams v. United States, 396 F.3d 1340, 1341 (11th Cir. 2005). "The waiver is valid if the government shows either that: (1) the district court specifically questioned the defendant about the waiver; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver."

United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008); see Medina v. United States, 597 F. App'x 583, 586 (11th Cir. 2015) (same). "[A] valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." Williams, 396 F.3d at 1342 & n.2; see United States v. White, 307 F.3d 336, 343 (5th Cir. 2002) ("An ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself.").

The district court specifically addressed the appeal waiver at Cruz's plea hearing, and the record is clear that Cruz understood the waiver's significance:

> THE COURT: Now, once a sentence is imposed, in the absence of a plea agreement, you can appeal the sentence. But there is a provision in your plea agreement in which you—that we call the limited waiver of appeal provision, and in that provision you have basically given up your right to challenge either your conviction or your sentence in this case.
>
> And what you have specifically said is— and there is two ways to challenge a conviction or sentence. The first would be by direct appeal to the Court of Appeals; and then if that didn't produce a satisfactory result, you could then later file a separate lawsuit that we call a collateral attack that's a separate civil action challenging your conviction or your sentence.
>
> You have said in this plea agreement that you won't do either of those things: That you won't appeal or collaterally attack your conviction,

which would happen today if I find—if I accept your plea and find you guilty of these two counts; and you have agreed not to collaterally attack or appeal your sentence.

There are two very limited exceptions to that. You can appeal—and it only applies to an appeal—you can appeal your sentence if I impose a sentence that is greater than what the guidelines recommend, or you can appeal your sentence—if the government files an appeal, then you may cross-appeal. But do you understand that one of those two things must happen before you were allowed to appeal your sentence? And only—and your right is only limited to appeal your sentence. Do you understand that?

THE DEFENDANT: Yes, sir.

([96] at 30-31).

Cruz also signed an addendum to his plea agreement, certifying that he understood the appeal waiver and had discussed it with his attorney. (See [68.1] at 13 ("I also have discussed with my attorney the rights I may have to appeal or challenge my conviction and sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding."). The district court found, after questioning Cruz at the plea hearing, that Cruz's guilty plea was voluntary and that he "fully underst[ood] the charges against him . . . and the consequences of pleading guilty to them." ([96] at 43).

10

The Court, having conducted a *de novo* review, agrees with the Magistrate Judge that Cruz's appeal waiver bars his ineffective assistance of counsel claim. See Blackledge v. Allison, 431 U.S. 63, 73-75 (1977) ("[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.").[4]

> 2. Cruz's Second Ground for Relief: Counsel's Alleged Failure to Investigate Fingerprint Evidence

Cruz claims his counsel was constitutionally ineffective "for failing to investigate fingerprint evidence prior to advising [Cruz] to accept [the] plea deal."

---

[4] Cruz, in his Objections, argues that the appeal waiver should not bar his claims because (i) the Deputy Attorney General has advised federal prosecutors not to enforce appeal waivers under certain circumstances, and (ii) "most bar associations" allegedly "have stated that it is unethical for prosecutors to require guilty pleas to include a waiver of the right to appeal on the basis of ineffective assistance of counsel." ([116] at 1-2). Cruz's first argument lacks merit because the prosecutorial policy of the Department of Justice is not binding on the Court, and the Deputy Attorney General's guidance, to which Cruz refers, was issued before the Government sought to enforce the waiver in this case. Cruz's second argument also fails because he does not identify any bar associations that have taken the position he alleges, and he has not shown that the bar associations' alleged position precludes the Court from enforcing an appeal waiver "entered into voluntarily and knowingly." Williams, 396 F.3d at 1342 & n.2; see In re Moore, 830 F.3d 1268, 1273 (11th Cir. 2016) ("[T]he district court cannot grant relief in a § 2255 proceeding unless the movant meets his burden of showing that he is entitled to relief," that is, unless the movant "carr[ies] his burden of showing all that is necessary to warrant § 2255 relief.").

([101] at 14). The Government, in summarizing the evidence of Cruz's guilt, made the following representations during Cruz's plea hearing:

> Officers discovered [in the home that Cruz was renting] a latent fingerprint on the XBox 360 container that held nine kilogram-sized bricks of cocaine, and found another latent fingerprint on one of the Tupperware-type containers containing methamphetamine. [Both] latent fingerprint[s] . . . [were] later determined to be identical to a known fingerprint taken from [Cruz].

([96] at 39-40).

Cruz claims his counsel initially told him his "fingerprints were not on the evidence," but that, "[m]any months later, counsel re-appeared and stated that [his] fingerprints were on the evidence." ([101] at 4). Cruz asserts that "[c]ounsel then advised [him] to accept the plea from the government" and that "[w]hen [he] asked counsel how the fingerprints suddenly [were] found on the evidence, counsel could offer no explanation as counsel had failed to investigate prior to advising [him] to accept [the] plea deal." ([101] at 14). Cruz alleges that he told counsel "he still wanted to go to trial," but that counsel said "the government always wins, influencing [Cruz] to accept plea." ([101] at 14).

For the reasons explained earlier in this Order, Cruz's appeal waiver bars his ineffective assistance of counsel claim. The Court also agrees with the Magistrate Judge that counsel's conduct was not constitutionally deficient or prejudicial, including because Cruz admitted, at his plea hearing, that he knowingly possessed

12

methamphetamine and that he was factually guilty of the drug offense charged in Count 2 of the Indictment. ([96] at 40-41). The Court agrees with the Magistrate Judge's conclusion, to which Cruz does not object, that "[g]iven the severity of the charges that [Cruz] faced, it seems unlikely that but for counsel's alleged deficiencies he would have proceeded to trial and risked a much harsher sentence if he were convicted on all five counts against him." (R&R at 9). Cruz's § 2255 Motion is denied.[5, 6]

---

[5] Cruz's § 2255 Motion summarily requests a sentence reduction "to reflect new sentencing guidelines pursuant to Amendment 782, 2 level reduction, recently passed by the Sentencing Commission." ([101] at 15). The Court finds no plain error in the Magistrate Judge's conclusion, to which Cruz does not object, that "the proper vehicle for [Cruz] to seek relief under Amendment 782 is a motion filed under 18 U.S.C. § 3582(c)(2)." (R&R at 13). Cruz recently filed a separate motion, under 18 U.S.C. § 3582, requesting the sentence reduction he inappropriately seeks in his § 2255 Motion. On August 12, 2016, the Court summarily denied Cruz's request. ([110]; [115]; [117]).

[6] Cruz's Objections assert that "his attorney was ineffective at sentencing for failing to further argue for the application of the minor role adjustment." ([116] at 2). Although "[t]he judge at sentencing denied the minor role adjustment," Cruz argues his counsel should have pressed the matter further. ([116] at 2-3). The Court declines to consider this claim because it was presented, for the first time, more than a year after the Magistrate Judge issued his R&R. See Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."). Even considering the claim, it is barred by the appeal waiver in Cruz's plea agreement. See Williams, 396 F.3d at 1342 & n.2 ("[A] valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of

3. Certificate of Appealability

Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A federal prisoner may not appeal the denial of his § 2255 motion "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citations and quotation marks omitted); see Jones v. United States, 224 F.3d 1251, 1254 (11th Cir. 2000) (applying the Slack standard in a § 2255 case). That Cruz has failed to show he is entitled to relief is not reasonably debatable. A certificate of appealability is denied.

---

counsel during sentencing."). Even if Cruz's new claim was not barred by the appeal waiver, Cruz fails to show his counsel was constitutionally ineffective or that he is entitled to relief under § 2255.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Judge Justin S. Anand's Final Report and Recommendation [107] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Movant Edgar Cruz's Objections to Magistrate Judge's Report and Recommendation [116] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Movant Edgar Cruz's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [101] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that civil action number 1:14-cv-2711-WSD is **DISMISSED**.

**SO ORDERED** this 10th day of April, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE